# SIDNEY SPITZER *v.* HAZEL M. SPITZER.

## No. 1484.

### APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
### HON. J. R. DESHA, JUDGE.

ARGUED JUNE 28, 1923.                DECIDED JUNE 28, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

#### ORAL OPINION.

The court abused its discretion in denying libellee's motion for a commission to issue to take her evidence at San Francisco, State of California. The motion was denied upon the grounds (1) lack of due diligence in making the motion; (2) insufficiency of showing by libellee that she would be unable to attend upon the trial of the cause (although there had been advanced to her by libel-

lant under an order of court $200 to enable her to attend upon the trial), and (3) great prejudice resulting to the libellant if such a motion should issue. The additional ground of objection that the commission prayed for was an open commission instead of one upon interrogatories was presented to the trial court and urged here.

While May 9, 1922, was the time set for trial in the order of substituted service trial was not had at that time nor any effort made by either party in that regard until January 11, 1923, when the libellant filed a motion to set, noticed for the 15th of January following, at which latter date the cause was set for trial for February 26, 1923, at 9 a.m. From the record it would appear that both court and counsel up to· that time were engrossed with preliminary matters which were evidently considered of more importance than the merits. The motion for the issuance of a commission was filed January 26, 1923. While the attorney for the libellee might have perhaps been a little more prompt in presenting his motion, whatever fault may be attributed to him in that regard certainly could not deprive the libellee in a case of this kind of the benefit of her evidence by way of defense.

The court seems to have proceeded upon the theory that the libellee was bound to personally appear upon the trial or in default thereof lose the benefit of her evidence. As a nonresident of the Territory at the time of service upon her of the summons and libel in divorce she was entitled to give her evidence personally or by deposition. No apparent necessity for her determination of what method to pursue existed until all preliminary matters had been disposed of and there was a likelihood of early trial upon the merits. Whether libellee would present her evidence personally or upon deposition was optional with her and apparently she was not called upon to make any decision until libellant's motion to set was filed.

We fail to see any consequent prejudice to the libellant in the allowance of a commission.

It might be said that the libellee upon the denial of her motion should have further pursued the subject of making application for a commission to issue upon interrogatories. But while an objection to an open commission was urged before the trial judge he failed to pass upon it and the reasons given by him for his refusal of the motion plainly indicated that any motion that might be filed thereafter by libellee for a commission to issue upon interrogatories would be denied upon the same grounds.

Holding as we do that the trial court committed error in denying libellee's motion for a commission the decree of divorce herein must be denied and set aside.

Accordingly the cause is remanded with instructions to the judge of the division of domestic relations of the first circuit court to vacate and set aside the decretal order of divorce heretofore and on, to wit, the 27th day of February, 1923, entered herein, and to vacate the order of January 31, 1923, denying libellee's motion for a commission to issue and to make and enter an order herein directing a commission to issue for the examination of the libellee at San Francisco, State of California, upon oath by interrogatories or otherwise as said judge may deem advised.

*E. H. Beebe* (*Thompson, Cathcart & Ulrich* on the brief) for libellant.

*S. B. Kemp* (*Huber & Kemp* on the briefs) for libellee.